1
2
3                        UNITED STATES DISTRICT COURT
4                              DISTRICT OF NEVADA
5                                    * * *
6    RUBEN LOPEZ,                              Case No. 3:25-cv-00424-MMD-CSD
7                            Plaintiff,        DISMISSAL ORDER
8          v.
     A. GARCIA, *et al.*,
9
                            Defendants.
10
11

12          Plaintiff Ruben Lopez brings this civil-rights action under 42 U.S.C. § 1983 to

13   redress constitutional violations that he claims he suffered while incarcerated. (ECF No.

14   1-1.) On August 20, 2025, this Court ordered Plaintiff to update his address by September

15   19, 2025, and to file a complete application to proceed *in forma pauperis* or to pay the full

16   filing fee by October 17, 2025. (ECF No. 5.) The first deadline expired without an updated

17   address from Plaintiff, and his mail from the Court is being returned as undeliverable.

18   (ECF Nos. 3, 4, 6.)

19   **I.      DISCUSSION**

20          District courts have the inherent power to control their dockets and "[i]n the

21   exercise of that power, they may impose sanctions including, where appropriate…

22   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

23   (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

24   order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

25   1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to

26   keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

27   Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

28

1    dismiss an action on one of these grounds, the Court must consider: (1) the public's

2    interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

3    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

4    cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

5    *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting

6    *Malone*, 833 F.2d at 130).

7         The first two factors, the public's interest in expeditiously resolving this litigation

8    and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's

9    claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

10   because a presumption of injury arises from the occurrence of unreasonable delay in filing

11   a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

12   F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of

13   cases on their merits—is greatly outweighed by the factors favoring dismissal.

14        The fifth factor requires the Court to consider whether less drastic alternatives can

15   be used to correct the party's failure that brought about the Court's need to consider

16   dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

17   that considering less drastic alternatives *before* the party has disobeyed a court order

18   does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

19   Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

20   "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

21   order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

22   with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

23   Courts "need not exhaust every sanction short of dismissal before finally dismissing a

24   case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

25   F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed without

26   the ability for the Court and the defendants to send Plaintiff case-related documents,

27   filings, and orders, the only alternative is to enter a second order setting another deadline.

28   But without an updated address, the likelihood that the second order would even reach

2

Plaintiff is low, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address in compliance with this Court's August 20, 2025 order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case.

If Plaintiff wishes to pursue his claims, he must file a complaint in a new case and provide the Court with his current address.

DATED THIS 30th Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE